UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SYLVIA L. PFLUCKER                          )
                                            )
          Petitioner,                      )
                                            )
                                            )
                                            )
v.                                          )   Civil Action No.
                                            )
KIRBY R. WARMS                              )
          Respondent.                      )
                                            )
_____/

**VERIFIED HAGUE CONVENTION PETITION FOR
RETURN OF CHILDREN TO PERU**

COMES NOW, Petitioner Sylvia L. Pflucker (Phonetically "Fluker"), and files

this petition against Respondent Kirby R. Warms, the married and natural parents

of two children, eight-year-old M.R.W. and four-year-old N.W. ("M.R.W and

N.W.) and says:

**HAGUE CONVENTION PETITION FOR RETURN OF CHILD TO PERU**

Jurisdiction

1.  This petition is brought pursuant to an international treaty entitled *The*

*Convention on the Civil Aspects of International Child Abduction, done at the Hague on*

*25 Oct 1980 (Convention)* [Exhibit "A"] implemented by the U.S. in 1988 through 22 U.S.C. 9001 et. seq. a/k/a the *International Child Abduction Remedies Act* (ICARA).[1] Peru became a signatory in 2001.[2]  This court has jurisdiction pursuant to 22 U.S.C. § 9003(a).[3]

2.  The objectives of the *Convention* are "To secure the prompt return of children wrongfully removed to or retained in any contracting State, see Article 1(a), 42 U.S.C. § 11601(a)(4)(1988); "*To ensure that rights of custody and of access under the law of one Contracting State are effectively respected in the other Contracting States*," [Article 1(b)]…*A decision under this Convention concerning the return of the child shall not be taken to be a determination on the merits of any custody issue*" [Article 19, and 42 U.S.C. § 11601(b)(4)].[4]

<u>Cause Of Action – Hague Convention Application</u>

3.  This application is filed in accordance with 22 U.S.C. § 9003(b) for the return of two children, eight-year-old M.R.W. and four-year-old N.W. wrongfully retained by the Respondent.  Both children were born in Lima, Peru and have continuously resided

---

[1]  "The provisions of this act are in addition to and not in lieu of the provisions of the Convention," 22 U.S.C. § 9001(b) (2).

[2] See the "HCCH Status Table" Exhibit "A."

[3]  Notice is being served in accordance with 22 U.S.C. 9003(c), and Section 61.518 Fla. Stat. (2002) the requirements for a Florida interstate child custody proceeding.

[4]  The Hague Convention "was enacted to 'secure the prompt return of children wrongfully removed to or retained in any Contracting State' and to 'ensure that rights of custody and of access under the law of one Contracting State are effectively respected in the other Contracting States.' " *Ruiz v. Tenorio,* 392 F.3d 1247 @ 1250 (11th Cir.2004) (quoting Hague Convention Art. 1). "The Hague Convention is intended to 'restore the pre-abduction status quo and to deter parents from crossing borders in search of a more sympathetic court." see *Lops v. Lops,* 140 F.3d 927 @ 936 (11th Cir.1998).

in Lima, Peru but for brief holiday visits to paternal family members in Kentucky.  The specific details of the wrongful retention of the children are set forth in the attached *Application Under the Hague Convention on the Civil Aspects of International Child Abduction*; see Exhibit A and Composite Exhibit "B" consisting of the application exhibits 1-17 pages 1 - 178.  Relief is sought in this court according to the *Convention*, 22 U.S.C. § 9003(d).

<u>Country of Peru Habitual Residence/Wrongful Retention</u>:

4.  The Petitioner/Father and Respondent/Mother have been married for eleven years, see the marriage certificate Exh. "B" page 19 and the two children of the marriage, eight-year-old M.R.W. and four-year-old N.W. have continuously resided in Lima, Peru, their habitual residence.   The minor children had been attending the Colegio Franklin Delano Roosevelt a/k/a The American School of Lima in Peru, see the school records Exhibit" B" page 35-89.

5.  The Respondent was an in-active reserves United States Marine.  Due to COVID, related financial pressures and domestic issues, the Respondent accepted a temporary active-duty position in Tampa, Florida for two hundred and twenty four days starting February 19, 2021 until September 30, 2021; see the Military Order Exhibit "B' page 112. The military order shows the Respondent's residential address in Lima, Peru, where the parties have been living as an intact family.

6.  The parties agreed to celebrate the Christmas holidays with the paternal grandparents in Kentucky.   Respondent and one son traveled to Kentucky in November, The Petitioner completed business matters and followed with the younger son arriving to Kentucky in late December.   All four family members intended to return to Lima, Peru January 27, 2021.   On January 26, 2021, the Respondent unilaterally decided the children were not returning to Peru withholding the passports of the children.   The Respondent refused demands of the Petitioner.  The Petitioner, a Radiologist Dentist with an active practice, and a candidate in the spring election to the Congress of Peru returned alone to Peru to maintain the dental practice and official obligations.

7.  The Petitioner returned to Florida to retrieve the children.   The Respondent and the paternal grandparents schemed to retain the passports and wrongfully withheld the children in Florida; see the Applicant Mother's statement *Section V. Circumstances of the Wrongful Removal or Retention* Exh. "B." page 1-9.   It is particularly noteworthy to recognize the Respondent's cruel and unusual treatment to the Maternal Grandmother at the Ocala gas station incident, see Exhibit "B" page 9.i & j.

8.  The minor children immediately before the wrongful retention, were habitually resident of Lima, Peru and the Petitioner was exercising custody within the meaning of Articles "3" and "5" of the *Convention* under the laws of the good

country of Peru, as fully set forth in the Hague Application Exhibit "A." It is a breach of the custody rights of the Petitioner/Mother, for the children to be wrongfully retained by the Respondent/Father kept from their home, family, friends, and school.

9. Existing Court Action:

    a. Hillsborough County Civil Action: On July 9, 2021, Respondent initiated divorce proceedings in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, Case No: 21-DR-9542. A motion to dismiss remains pending for lack of subject matter jurisdiction. A hearing held August 4, 2021 was not completed and the matter continued. In Hillsborough County upon filing dissolution of marriage action initial order standing orders maintaining status quo are automatically in place. The original Ex Parte Order was dismissed, see Exhibit "B" page 165. The court also recognized this could be a Hague Convention situation.

    b. Marion County Criminal Misdemeanor Action: While enroute from Kentucky to Florida the parties engaged in a dispute at which time the Respondent was charged with a Misdemeanor. The court issued an order restricting the Petitioner limited travel in Marion and Hillsborough Counties pending resolution and forbid contact with the

eight-year-old MRW.  A plea of not guilty was entered and the matter remains open, see Exhibit "B" page 145-159.

10. The Petitioner knows of no other interested persons or institutions that has, or claims to have, rights of physical custody or parental responsibility over the children at issue.

### Relief Sought/Expedited Adjudication

11. The Petitioner seeks return of the child to Lima, Peru forthwith as provided in Article 11 of the *Convention* and interim relief in the contemporaneous Ex-Parte Motion for a Temporary Restraining and Show Cause Order.   The Maternal Grandmother is available to escort the children to Peru in the event the Petitioner cannot travel.

### Attorney Fees And Costs

12. Petitioner requests repayment for all expenditures to date incurred by Petitioner as a result of the wrongful retention of the child by Respondent in accordance with Article 26 of the *Convention,* and *2*2 U.S.C. § 9007 (b) (3) (1988).

WHEREFORE Petitioner/Mother respectfully requests this Court to:

a)  Grant this petition ordering the return of the children to Lima, Peru forthwith.

(b)  Order the Respondent to pay all costs and fees incurred to date including the expenses necessary to return the child to Lima, Peru.

(c)  Grant such other and further relief as this court deems just and appropriate.

6

<u>VERIFICATION</u>

I, SYLVIA L. PFLUCKER, under the penalty of perjury and pursuant to Fla. Stat. §92.525(2), declare that I have read the foregoing document and that the facts stated herein are true and correct to the best of my knowledge and belief.

***//SYLVIA L. PFLUCKER//***                     August 4, 2021
_____
**SYLVIA L. PFLUCKER**

7

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that this document has been filed through the Federal

Court E-Filing Portal and shall be served upon Respondent/Father.

Respectfully submitted by:

THE BERRY LAW FIRM, P.A.
By: // *Oxalis B. Garcia*//
Oxalis B. Garcia, Esquire
Florida Bar No.:  095963
4500 140th Avenue, N.,
Ste. 219
Clearwater, FL 33762-3845
(727) 447-0533
E-Mail:  lawyer1@berrylaw.com
Lead Counsel

THE BERRY LAW FIRM, P.A.
By: // *Michael C. Berry, Sr.*//
Michael C. Berry, Sr., Esquire
Florida Bar No.:  897949
4500 140th Avenue, N.,
Ste. 219
Clearwater, FL 33762-3845
(727) 447-0533
E-Mail:  mcberry@berrylaw.com
Second Chair Counsel

8

# 08-04-21 Final with page numbers to be added PETITION.DOC

Final Audit Report                                                     2021-08-04

| | |
|---|---|
| Created: | 2021-08-04 |
| By: | Oxalis Garcia (ogarcia@oxalislawfirm.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAkDWhLSANFNoMPf1iNXaA0xFU1b-MkHWq |

## "08-04-21 Final with page numbers to be added PETITION.DOC " History

📄 Document created by Oxalis Garcia (ogarcia@oxalislawfirm.com)
2021-08-04 - 7:51:47 PM GMT- IP address: 47.203.168.33

📧 Document emailed to Sylvia Pflucker (sylviamn7962@gmail.com) for signature
2021-08-04 - 7:53:21 PM GMT

📄 Email viewed by Sylvia Pflucker (sylviamn7962@gmail.com)
2021-08-04 - 8:05:46 PM GMT- IP address: 66.249.84.43

✍ Document e-signed by Sylvia Pflucker (sylviamn7962@gmail.com)
Signature Date: 2021-08-04 - 8:49:55 PM GMT - Time Source: server- IP address: 24.250.225.221

✔ Agreement completed.
2021-08-04 - 8:49:55 PM GMT